IN THE SUPREME COURT OF MISSISSIPPI
NO. 96-CA-00755-SCT

*SYLVESTER GRIFFIN, CLAUDE GRIFFIN, CLYDA MAE MYERS AND TAMORA ROBINSON*

*v.*

*LOTTIE GRIFFIN CAMPBELL*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 06/05/96 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | EDWIN E. KERSTINE |
| ATTORNEY FOR APPELLEE: | MICHAEL J. BROWN |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | MOTION FOR REHEARING DENIED - 7/29/1999 |
| MOTION FOR REHEARING FILED: | 03/26/1999 |

MANDATE ISSUED: August 5, 1999

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On February 4, 1999, we issued our per curiam affirmance of the chancellor's judgment in this case. Appellants Sylvester Griffin, Claude Griffin, Clyda Mae Myers, and Tamora Robinson have filed their motion for rehearing, asking this Court to reconsider our decision affirming the chancellor's ruling denying the appellants' motion that they be joined under M.R.C.P. 19 or M.R.C.P. 24. The appellants also contend that the notice of sale of the disputed properties was insufficient. Finding no error on the part of the chancellor in this case, we deny the appellants' motion for rehearing.

¶2. The appellants complain that the decision of the chancellor to deny the motion for joinder under M.R.C.P. 19 or 24 was clearly erroneous. The divorce between Sylvester Griffin and Lottie Griffin Campbell resulted in a monetary judgment against Sylvester. A series of amendments was added to the divorce decree. Neither the judgment of divorce nor any amendments to the divorce were ever appealed. Given the final unappealed judgment on the merits, Lottie Griffin Campbell's enrolled judgment formed a lien on all properties listed in Sylvester's name against Sylvester and any successors in title.

¶3. The properties in question were then sold to satisfy the lien. The appellants then filed a motion to set aside the sale and to intervene under M.R.C.P. 19 or 24. The chancellor denied the motion, and the

appellants appealed to this Court.

¶4. This Court has held that a chancellor's decision cannot be disturbed "unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or an erroneous legal standard was applied.". *Madden v. Rhodes*, 626 So.2d 608, 616 (Miss. 1993)(citations omitted). A chancellor sitting as a finder of fact is given wide discretion.

¶5. The only evidence Sylvester offered was his own testimony that he never received the deeds to the property, and thus could not have been the owner at the time of the divorce. It was elicited from Sylvester on cross-examination that he had been incarcerated at Maxwell Air Force Base for pleading guilty to concealing assets. Lottie rebutted Sylvester's testimony with her own witness who testified that Sylvester did, in fact, own the land in question at the time of the divorce. The chancellor, who is given wide discretion in fact-finding, weighed the testimony offered and confirmed the Special Commissioner's report and authorized the Special Commissioner's deed. We affirm the chancellor's finding that Sylvester was the owner of the properties in issue at the time of the divorce, resulting in a lien on these properties as a result of Lottie's money judgment.

¶6. The appellants further contend that there was insufficient notice regarding the upcoming sale of the disputed properties. However, the appellants' attorney, Mr. Edwin Kerstine, received a copy of the notice to sell from the Special Commissioner and attended the sale of the property. He also stipulated at the confirmation hearing that the Special Commissioner had properly performed her duties as required by the order to sell.

¶7. Finding no error in the chancellor's judgment denying the motion for joinder or in the sufficiency of notice of the ordered sale, we affirm. As a result, the appellants' motion for rehearing is denied.

¶8. **MOTION FOR REHEARING DENIED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB JJ., CONCUR.**